UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARESA J. ALEXANDER                                        PLAINTIFF

V.                                    CIVIL ACTION NO. 3:22-CV-240-KHJ-MTP

STATEWIDE HEALTHCARE SERVICES, LLC            DEFENDANTS
and HELP AT HOME, LLC

ORDER

Before the Court is Defendant Statewide Healthcare Services, LLC's [24] Motion to Dismiss for failure to prosecute pursuant to Federal Rules of Civil Procedure 37 and 41. For the following reasons, the Court denies the motion.

Alexander filed her [7] Amended Complaint on October 18, 2022. Statewide timely answered. Answer [10]. On December 9, 2022, the Court entered its Rule 16(a) Initial Order, directing the parties to file their initial disclosures by January 19, 2023. *See* [11] at 1. Statewide complied; Alexander did not. *See* Case Management Order [15] at 2. Alexander also did not timely respond to Statewide's written discovery requests. Min. Entry Mar. 22, 2023. In its Case Management Order, the Court ordered Alexander to file her initial disclosures by February 1, 2023. [15] at 2. She again failed to comply. Min. Entry Mar. 22, 2023.

Nearly two months later, the Court held a telephonic discovery conference to "address [Alexander]'s overdue initial disclosures and responses to written discovery." *Id.* Following this conference, the Court ordered her to file her initial disclosures and written discovery responses by March 24, 2023. Text Order Mar. 22,

2023. For a third time, Alexander failed to comply with the Court's order. *See* Statewide's Mot. to Compel [16].

Statewide then moved to compel Alexander's disclosures and discovery responses. *Id.*; Mem. Supp. Mot. [17]. Alexander did not respond, and on April 19, 2023, the Court granted Statewide's Motion to Compel. Order [18] at 3 (setting yet another deadline—April 24, 2023—for Alexander's disclosures and written discovery responses). The Court also ordered Alexander to file a response "setting forth the reasons or circumstances . . . which substantially justify" her repeated failures to comply, or which "would otherwise make an award of fees and expenses unjust." *Id.* (setting due date of April 28, 2023).

Alexander failed to respond or otherwise comply. Consequently, on May 1, the Court ordered Alexander to pay Statewide's reasonable fees and expenses incurred in moving to compel the outstanding discovery. Order [19]. And after Statewide filed an [20] Itemization of Fees—to which Alexander did not respond or object—the Court ordered Alexander to pay Statewide $1,375 on or before June 20, 2023. Order [21]. Alexander has yet to pay.

On August 23, ten days before the close of discovery, Alexander filed documents purporting to be written discovery responses. *See* [22]; [23]. Statewide then moved to dismiss Alexander's [7] Amended Complaint because Alexander has failed to participate in discovery, prosecute her case, and follow multiple orders of the Court. [24] at 1. Alexander did not respond.

On October 10, the Court ordered Alexander to show cause, on or before October 24, why the Court should not dismiss this matter for failure to prosecute. [26]. Alexander responded on October 26. [27]. In that Response, Alexander's attorney explained that, for the past year, he had been dealing with family issues that have caused grief, anguish, and depression. *Id.* at 1. And further, Alexander has submitted all initial disclosures, answers to interrogatories, and production of documents to Statewide. *Id.* Alexander believes her case has merit and wishes to proceed through discovery to trial. *Id.*

Statewide agrees that Alexander has now responded to its discovery requests but notes Alexander has not signed the interrogatory responses, as required by Federal Rule of Civil Procedure 33(b)(5), or paid Statewide the Court-ordered sum of $1,375. Def.'s Reply [29] at 3. Considering the above, Statewide states that it continues to suffer prejudice related to expenses incurred in this unnecessarily prolonged litigation. *Id.* For that reason and others, Statewide urges this Court to grant its [24] Motion to Dismiss. [29] at 5.

The Fifth Circuit imposes a "'heighte[ne]d standard' for entering 'litigation-ending sanctions' under the Federal Rules of Civil Procedure." *Calsep A/S v. Dabral*, 84 F.4th 304, 311 (5th Cir. 2023) (quoting *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019)). "Because the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has "deemed dismissal with prejudice to be a draconian remedy

and a remedy of last resort." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (cleaned up).

So this Court must make several findings before ending a case through Rule 37 sanctions: (1) the failure to comply with court orders is the result of willfulness or bad faith, not an inability to comply; (2) the client, not counsel, is responsible for the violations; (3) the opposing party has suffered substantial prejudice because of the violations; and (4) lesser sanctions cannot "substantially achieve the desired deterrent effect." *Calsep*, 84 F.4th at 311 (quotation omitted).[1]

Here, the Court finds dismissal inappropriate. Counsel admits in Alexander's [27] Response that blame for the repeated shortcomings in this litigation lies with him, not Alexander. Moreover, absent signing interrogatory responses and paying the Court-ordered attorney's fees, Alexander has produced discovery necessary to move this case along and has come into compliance with the Court's orders. Statewide argues that Alexander's consistent failures to respond to and comply with Court orders show that lesser sanctions have proven ineffective in assuring Alexander's dilatory conduct will not continue. [29]. That concern is well taken but does not yet warrant dismissal.

---

[1] Statewide argues that the Court need not find each of these factors met before dismissing the case. *See* [25] at 5 n.1. In support, it points to the Fifth Circuit's discussion of "variable language" in precedent describing the "appropriate test for evaluating a district court's order dismissing a case with prejudice." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 357 (5th Cir. 2020). But that case involved multidistrict litigation, and the Fifth Circuit emphasized that the lesser standard—requiring only two factors—was necessary to "give[] district courts greater flexibility" to manage the complex dockets inherent in multidistrict litigation. *See id.* at 358–59. That reasoning is inapplicable here.

Accordingly, the Court DENIES Statewide's [24] Motion to Dismiss without prejudice and orders the parties to contact the Magistrate Judge within seven days of this Order to arrange a status conference. Further, Alexander is ordered to pay the Court-ordered attorney's fees of $1,375 to Statewide, sign her interrogatory responses, and file a Notice of Compliance on the docket no later than December 15, 2023. The Court warns that Alexander's future failures to respond timely or otherwise comply with Court orders may result in dismissal of this case without further notice.

SO ORDERED, this 4th day of December, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE